IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MATTHEW BROWNFIELD                                                      PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:22-CV-74-SA-RP

JOHN LUTZOW,
BUDGET TRUCK RENTAL, LLC,
JOHN DOE, and KMMH, INC.                                       DEFENDANTS

ORDER

Now before the Court is Lutzow's Amended Motion for Sanctions [98].[1] The Motion [98] has been fully briefed and is now ripe for review.

*Relevant Factual and Procedural Background*

This lawsuit arises from a motor vehicle accident that occurred on November 6, 2020, and left Brownfield severely injured. The Court set forth the relevant facts of the case in a previous Order and Memorandum Opinion [123]. The Court will not recite all facts relevant to this case but will instead limit the scope to those pertinent to the pending Amended Motion for Sanctions [98].

On November 7, 2020, one day after the accident, BTR contacted FleetNet America, Inc., a breakdown service company, to inspect the truck and trailer involved in the subject accident. FleetNet then hired Johnny Williams to perform the inspection. Williams owns Johnny's Diesel Service, a 24-hour roadside service business located in West Memphis, Arkansas. He has worked independently for Johnny's Diesel Service for 23 years and has a total 40 years of experience doing mechanical work.

---

[1] The Clerk of Court directed Brownfield to refile his original Motion for Sanctions [93] and Supporting Memorandum [94] in compliance with the requirements of L.U.Civ.R. 7(b)(2).

Williams met Lutzow, who was the driver of the Budget truck on the day of the accident, in a gas station parking lot to perform the inspection. Williams testified that, when he arrived at the scene, both the Budget truck and trailer were there and the trailer was not attached to the Budget truck. According to Williams' deposition, the first part of his inspection included doing a visual check of the trailer. He then checked the tongue of the trailer (the part that fits over the hitch ball). Williams testified that after looking at the truck, "[i]t slapped [him] right in the face that [the] ball was wor[n] plum out on the back side." [98], Ex. 3 at p. 7. He further testified that "the back side of the ball [was] wor[n] completely down. There [was] no way for the lock to catch under it and keep it on there." *Id.* at p. 8. In other words, Williams quickly realized that the trailer became decoupled from the truck because the hitch ball was the not the right size to keep the trailer secured to the truck. He did not take any measurements of the hitch ball but testified that he was able to tell that the ball was worn down simply by looking at it.

Both Williams and Lutzow took pictures of the truck and trailer during the inspection.[2] After the inspection concluded, Williams reported his findings to FleetNet through a recorded phone conversation. He also provided FleetNet a written report.

After Brownfield filed suit, he sent interrogatories and requests for production of documents to each of the Defendants. On June 10, 2022, BTR provided its initial disclosures. In its responses to the interrogatories propounded by Brownfield, BTR did not list Johnny's Diesel Service as having relevant information. BTR also stated that it did not have sufficient knowledge about whether the truck or trailer was defective. In other words, BTR never mentioned contracting with FleetNet or anything about Johnny's Diesel Service. However, on June 17, 2022, Brownfield

---

[2] Williams testified that the pictures he took somehow got deleted through the system he used to notify FleetNet of his findings. However, Lutzow also took pictures and those pictures are attached to the briefings. *See* [105], Ex. 5.

2

received Lutzow's pre-discovery disclosures. Lutzow's disclosures referenced that a representative from Johnny's Diesel Service had discoverable information about the truck and trailer and the representative would have information related to the hitch ball. Lutzow's disclosures did include an address for Johnny's Diesel Service but did not list the name or contact information of the representative.

Pursuant to the Case Management Order [29], Brownfield's deadline to designate an expert closed on October 20, 2022. Brownfield contends he learned the name of the representative from Johnny's Diesel Service on October 12, 2022—eight days before his expert designation deadline. After learning Williams' identity and several email exchanges between Brownfield's counsel and Lutzow's counsel, Williams was deposed on February 22, 2023.

Brownfield filed his Amended Motion for Sanctions [98] on March 12, 2022. Through this Motion [98], Brownfield is seeking sanctions against BTR under Federal Rule of Civil Procedure 37(c) for BTR's failure to disclose information regarding Williams.

*Applicable Standard*

Under Federal Rule of Civil Procedure 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37. The Fifth Circuit has stated that "in evaluating whether a violation of Rule 26 is harmless, and thus whether the district [is] within its discretion in considering the evidence, this Circuit considers four factors: '(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'" *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (citing *Texas A & M*

*Research Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "In addition to or instead of this sanction, the court, on a motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37. The Court has broad discretion when imposing sanctions. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

*Analysis and Discussion*

Brownfield contends that BTR should be subjected to sanctions for failing to disclose information regarding Johnny's Diesel Service. Specifically, Brownfield "[r]equests that the Court enter an order pursuant to Fed. R. Civ. P. 37(c) and Fed R. Civ. P. 37(b)(2)(A)(ii) that: 1) establishes as fact that the hitch ball was severely deteriorated at the time of the subject incident; 2) establishes as fact that the hitch ball had been severely deteriorated for a sufficient length of time prior to the subject incident as to place Defendant, Budget Truck Rental, LLC, on constructive notice of same; 3) establishes as fact that the severely deteriorated hitch ball was the cause of the trailer decoupling; and 4) prohibits Defendant, Budget Truck Rental, LLC, from opposing the foregoing facts." [99] at p. 6. Brownfield also requests that the Court inform the jury of BTR's failure to disclose and for BTR to pay reasonable expenses, including attorney fees, caused by the failure to disclose. "In the alternative, [Brownfield] requests that the Court enter an order rendering default judgment against Defendant, Budget Truck Rental, LLC." *Id.*

BTR argues that any failure to disclose was harmless. As noted above, to determine whether BTR's failure to disclose was harmless, the Court examines the parties' arguments under four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of

4

including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey*, 609 F.3d at 729 (citing *Tex. A&M Research. Found.*, 338 F.3d at 402). The Court will analyze each of the factors in turn.

Turning to the first factor, not only does BTR argue that the information regarding Williams was not important, but it also contends that Brownfield had access to the information "[m]ore than four months before his expert designation deadline." [106] at p. 6. Particularly, BTR argues that information about Williams and the hitch ball was provided to Brownfield through several different means. First, BTR contends that the information was available to Brownfield through Lutzow's pre-discovery disclosures which were disclosed in June 2022. Although Lutzow's disclosures do not list Williams by name, his disclosures do list a "representative of Johnny's Diesel Service" as having discoverable information. [105], Ex. 2 at p. 1. Second, information related to both Williams and the hitch ball were made available through Lutzow's responses to the first set of interrogatories and requests for production as early as August 1, 2022. Just like in his pre-discovery disclosures, one of Lutzow's interrogatory answers listed a "representative of Johnny's Diesel" as having discoverable information about the accident. [105], Ex. 3 at p. 2. A second answer stated that the representative of Johnny's Diesel Service "inspected damage to the Defendant's truck and trailer and opinions relating to the condition of the hitch ball." *Id.* at p. 3. A third answer stated that "the truck had a defective trailer hitch ball that caused the trailer to detach from the truck." *Id.* at p. 9. Additionally, Lutzow's response to a request for production revealed that a recorded statement of Lutzow was taken on January 29, 2021. A transcript of this statement was provided to Brownfield on August 17, 2022. The transcript references Johnny's Diesel Service wherein Lutzow states, "and the next day, a mechanic came out from some place. It was a Budget contract mechanic. He said the ball on the truck was way too

small for that tow dolly. And we should have never left Tallahassee with that combination. That there was no way that that truck could haul that tow dolly." [105], Ex. 6. Finally, BTR contends that a maintenance record from FleetNet as well as photographs of the hitch ball were provided to Brownfield in BTR's Request for Production Responses. *See* [105], Ex. 5, Ex. 7.

Moreover, BTR alleges that the information regarding Williams was not important because he is not qualified to testify as an expert.

In his Supporting Memorandum [99], Brownfield alleges that that BTR's failure to disclose information regarding the identity of Williams "literally changed the trajectory of the litigation." [99] at p. 5. Brownfield contends that had this information been revealed in BTR's disclosures, he would have been able to depose Williams earlier and "[r]etain relevant expert witnesses to provide opinions regarding the condition of the hitch ball and how that caused the trailer separation." *Id.*

In the Court's view, while BTR's failure to disclose may not have "changed the trajectory of this litigation," all information regarding FleetNet, Williams, and the condition of the hitch ball is important. To be clear, the Court agrees with BTR that Brownfield had access to information about Williams from Lutzow's discovery documents. However, the Court cannot overlook the fact that BTR is the one who contracted with FleetNet and FleetNet is the one who hired Williams to inspect the truck and trailer just one day after the subject accident, yet BTR does not mention any of this information in its *own* disclosures. The Court certainly has some concern as to whether this was a mere oversight; nonetheless, it cannot be characterized as a harmless one.

As far as BTR's argument that information about Williams was not important because he is not qualified to testify as an expert, at this time, the Court need not determine whether Williams is qualified to testify as an expert. Whether Williams is qualified under Federal Rule of Evidence 702 is irrelevant to the fact that BTR knew that Williams would have important information. The

6

Court finds that *any and all* information regarding FleetNet, Williams, and the condition of the hitch ball is important to this case.

The second factor is determining whether Brownfield is prejudiced by BTR's failure to disclose Williams' identity or information regarding the hitch ball. BTR maintains that Brownfield is not prejudiced because he had access to the information "[w]ell in advance of his expert designation deadline." [106] at p. 8. BTR further argues that from the outset Brownfield alleged a defect of the truck and trailer and therefore it was *his* responsibility to obtain and identify experts and evidence in support of his allegations.

As noted above, Brownfield was provided information about Williams in Lutzow's discovery documents and he could have done more to obtain additional information about Williams. While the Court agrees that Brownfield has an independent duty to locate his own witnesses and experts to support his argument, the Court cannot disregard BTR's failure to provide information regarding Williams in its *own* disclosures and the prejudice the failure to disclosure caused Brownfield. In other words, BTR's argument that Brownfield had access to information about Williams' identity from Lutzow's disclosures is insufficient. BTR's conduct nonetheless put Brownfield at a disadvantage.

The third factor is determining whether a continuance will cure the prejudice. The Court notes the trial for this case is set for June 12, 2023—less than a month away. This issue was brought to the Court's attention exactly three months before the respective trial date. BTR contends that a continuance is not necessary because there is no prejudice since Brownfield had access to information about Williams as early as June 17, 2022. As noted above, the Court disagrees with that assertion. Although neither party requested a continuance, with the trial date being so close, the Court finds that a continuance is necessary to cure any prejudice. In addition to a continuance,

the Court will reopen the discovery period to allow Brownfield to obtain an expert to support his position. The discovery will be limited only to Brownfield obtaining an expert.[3]

The final factor is BTR's explanation for its failure to disclose. According to BTR, it did not fail to disclose information regarding Williams. BTR maintains its position that information relating to both Williams and his inspection was not only included in two exhibits that BTR produced for Brownfield, but also in Lutzow's initial disclosures. And this information was made available to Brownfield as early as June 2022.

The Court notes that BTR's disclosures do not mention any information regarding its contract with FleetNet, the inspection by Williams, or anything related to the condition of the hitch ball. In the Court's view, BTR *did* fail to disclose information not only regarding the identity of Williams, but also information about contracting with FleetNet and whether it knew about any defects to the truck or trailer. Particularly, BTR provided Brownfield with its initial disclosures on June 10, 2022, and when asked whether the truck or trailer were defective in any manner, BTR responded that "BTR lacks sufficient knowledge to respond." [98], Ex. 1 at p. 3. This contradicts Williams' findings. He testified that his inspection revealed that the hitch ball on the truck was worn out. Moreover, according to Brownfield, BTR took the truck out of service after Williams' inspection. Although BTR argues that it did not hire Williams and that Williams reported his findings to FleetNet and not to BTR, the Court is unpersuaded. BTR contracted with FleetNet and, in turn, FleetNet hired Williams to perform the inspection. At best, BTR's disclosures *should have* contained information about FleetNet. The only thing that BTR provided were two exhibits. One

---

[3] In *Taylor v. Walmart Transp., LLC*, the District Court for the Southern District of Mississippi found that, although a continuance was not necessary to cure the prejudice because the trial date was six months away, reopening discovery was appropriate to allow the plaintiff to conduct limited discovery. 2021 WL 2556592, at *2 (S.D. Miss. June 22, 2021).

8

being a lengthy list of maintenance work in which FleetNet was listed and another one being pictures of the truck and trailer. Expecting Brownfield to rely on two exhibits with no context is insufficient.

Further, the Court notes that BTR never disclosed the identity of Williams or provided Brownfield with Williams' name. Brownfield learned of Williams' identity through Lutzow's counsel.

The Court finds that BTR's failure to disclose the identity of Williams and any other relevant information related to Williams was not harmless. The Court cannot accept the argument that BTR *sincerely and unintentionally* did not disclose the information on its *own*, considering that BTR is the one who contacted FleetNet to inspect the truck and trailer the day after the subject incident.

*Conclusion*

For the reasons set forth above, the Court will defer ruling on the appropriate sanctions that should be imposed until it receives a complete explanation from BTR on why it failed to disclose information regarding both FleetNet and Johnny's Diesel Service in its initial disclosures. BTR will have fourteen (14) days from this Order to provide the Court an explanation, which should be filed on the docket in a separate Memorandum. Additionally, within fourteen (14) days, Brownfield shall make a separate filing specifically explaining and detailing the amount of fees and costs incurred because of BTR's failure to disclose this information. The filing should be specifically itemized.

As indicated above, the current June 12, 2023 trial setting is hereby CONTINUED. The trial will be reset by a separate Notice.

Additionally, Brownfield shall have until August 1, 2023 to designate an expert. BTR shall thereafter have until September 1, 2023 to designate an expert. To be clear, the Court's ruling does not reopen all discovery. Any discovery outside of the expert designation context must be specifically approved by the Court. The parties shall have until October 13, 2023 to file any *Daubert* motions or motions in limine.

In light of this finding, BTR's Motion *in Limine* [113] regarding Williams not being qualified as an expert is hereby DENIED *without prejudice*. Should Brownfield designate Williams as an expert, that issue will be more appropriately handled via a *Daubert* motion. If Brownfield does not designate Williams, BTR may refile a similar motion if necessary.

SO ORDERED, this the 5th day of June, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE